UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Ronald Alfred Thomas,<br><br>　　　　　　Petitioner,<br><br>v.<br><br>Warden Michelle Smith and Commissioner of Dept. of Corrections,<br><br>　　　　　　Respondents. | Case No. 15-cv-1174 (PJS/HB)<br><br>**REPORT AND RECOMMENDATION** |

HILDY BOWBEER, United States Magistrate Judge

　　This matter is before the undersigned United States Magistrate Judge on Ronald Alfred Thomas's petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. [Doc. No. 1]. The petition has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. This Court has conducted a preliminary review of Thomas's habeas petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Based on that review, this Court recommends dismissal of Thomas's petition.

　　In January 2010, Thomas entered an *Alford* plea in Polk County, Minnesota, to one count of first-degree criminal sexual conduct. *See State v. Thomas*, No. A10-974, 2011 WL 1236134, at *1 (Minn. Ct. App. Apr. 5, 2011). Two months later, Thomas was sentenced to a 360-month term of imprisonment, which was the statutory maximum for the offense. *Id.* On April 5, 2011, the Minnesota Court of Appeals affirmed Thomas's

conviction and sentence. *Id*. at *1-3. Thomas did not seek review from the Minnesota Supreme Court on direct appeal.[1]

On November 20, 2012, Thomas mailed a state-court motion for post-conviction relief from prison [*see* Doc. No. 1-3 at 2]. That motion was docketed by the Polk County court administrator on November 28, 2012. [*Id*.] The Minnesota Court of Appeals later summarized Thomas's motion for post-conviction relief as follows:

> Although his briefing is imprecise and hard to follow, he appears to argue the following: (1) the district court erred in imposing a sentence that was an upward durational departure from the sentencing guidelines; (2) appellant's appointed trial and appellate counsel were ineffective; (3) appellant's guilty plea is invalid; and (4) the district court erred in its pretrial rulings that were adverse to appellant.

*Thomas v. State*, No. A13-1052, 2014 WL 349747, at *2 (Minn. Ct. App. Feb. 3, 2014). The trial court summarily denied each of these four claims on the basis that the claims should have been raised on direct appeal and were procedurally defaulted on collateral review. (Order at 3-4 [Doc. No. 1-3 at 13-15] (citing *State v. Knaffla*, 243 N.W.2d 737 (Minn. 1976); Minn. Stat. § 590.01).) The Minnesota Court of Appeals agreed that the

---

[1] Thomas claims in his petition that he sought review of the Minnesota Court of Appeals' April 5, 2011, decision from the Minnesota Supreme Court, and claims the Minnesota Supreme Court denied review on June 30, 2014. That date is more than three years after the Minnesota Court of Appeals' decision, and it is highly unlikely that the Minnesota Supreme Court would have waited three years to deny a petition for review. Regardless, it is clear from the official docket for Case No. A10-974—Thomas's direct appeal—that he did not seek review from the Minnesota Supreme Court on direct appeal. *State v. Thomas*, No. A10-974 (Minn. Ct. App. filed June 1, 2010) (Minn. Appellate Cts. Case Mgmt. Sys.).

claims could have been raised on direct appeal and therefore were procedurally barred. *See Thomas*, 2014 WL 349747, at *2-4. That court also concluded that Thomas's claims would fail even if considered on the merits. *Id*. Finally, the Minnesota Court of Appeals considered an additional claim, first raised on appeal, that Thomas had been denied effective assistance of appellate counsel on direct review, and denied this claim on the merits as well. *Id*. at *3. Accordingly, the Minnesota Court of Appeals affirmed the denial of Thomas's motion for post-conviction relief. The Minnesota Supreme Court denied review on May 20, 2014.

Thomas's federal habeas petition purports to raise three grounds for relief, but each ground includes several alleged errors with the trial and appellate process by which Thomas was convicted and sentenced. An in-depth analysis of the merits of Thomas's many claims is unnecessary, however, because his petition is plainly barred by the relevant statute of limitations.

>Under 28 U.S.C. § 2244(d)(1):
>
>> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>>
>>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>>
>>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the

3

>United States is removed, if the applicant was prevented from filing by such State action;
>
>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The final three provisions are inapplicable to this case, as (1) there was never any impediment to Thomas filing a habeas petition previously; (2) Thomas is not asserting that he is entitled to relief pursuant to a constitutional right only recently recognized by the Supreme Court; and (3) Thomas's claim is not predicated on any new factual discovery. Under § 2244(d)(1)(A), then, Thomas was required to file his habeas petition within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . ."

Because Thomas did not seek review from the Minnesota Supreme Court on direct appeal, the one-year limitations period for Thomas to file a federal habeas petition began on the date of "the expiration of the time for seeking" direct review from the Minnesota Supreme Court. 28 U.S.C. § 2244(d)(1)(A). Under Minn. R. App. P. 117, subd. 1, Thomas had thirty days from the date the Minnesota Court of Appeals filed its decision to seek review by the Minnesota Supreme Court. The decision of the Minnesota Court of

4

Appeals affirming the judgment in Thomas's case was filed on April 5, 2011, and thus, under Rule 117, Thomas had until May 6, 2011, to petition the Minnesota Supreme Court for review. Because Thomas did not seek review, the one-year limitations period for him to bring a habeas petition began on that day. *See* 28 U.S.C. § 2244(d)(1)(A).

Accordingly, the one-year limitations period for Thomas to file a federal habeas petition expired one year later, on May 6, 2012. *Id.* But Thomas did not submit his habeas petition to prison officials for mailing until February 24, 2015. [Doc. No. 1 at 8.] Obviously, this was far too late. The limitations period for Thomas to file his habeas petition had long expired.

The limitations period for filing a habeas petition may be tolled in certain circumstances, but none of those circumstances applies here. First, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). Thomas filed a motion for post-conviction relief in state court [Doc. No. 1-3 at 2], but that motion was not filed until November 2012, more than five months after the limitations period to file a federal habeas petition had already expired. Section 2244(d)(2) does not restart the one-year clock; it only pauses the clock. *See Jones v. Minnesota*, No. 14-cv-1650 (SRN/HB), 2015 WL 672077, at *12 (D. Minn. Feb. 17, 2015) (citing *Cordle v. Guarino*, 428 F.3d 46, 48 n.4 (1st Cir. 2005)). Because the limitations clock had already expired by the time

5

Thomas filed his motion for post-conviction relief in state court, § 2244(d)(2) has no practical effect in this case.

Second, a habeas petitioner may be entitled to equitable tolling of the one-year limitations period if he shows "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Rues v. Denney*, 643 F.3d 618, 621 (8th Cir. 2011) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)). There is nothing in Thomas's habeas petition suggesting that he meets this stringent standard. Seventeen months passed between the expiration of the period for Thomas to seek direct review of his conviction and his filing of a motion for post-conviction relief in state court. Another nine months passed between the conclusion of review of that motion for post-conviction relief in state court and the filing of Thomas's federal habeas petition. These substantial, repeated gaps strongly indicate that Thomas has failed to pursue his rights diligently. Moreover, Thomas has not pointed to any extraordinary circumstance preventing him from filing a habeas petition earlier.

Because Thomas filed his habeas petition too late, this Court recommends that the petition be denied and that this action be summarily dismissed. Only two matters merit further comment. First, having determined that this action must be summarily dismissed, the Court will further recommend that Thomas's pending application to proceed *in forma pauperis* be denied. *See Kruger v. Erickson*, 77 F.3d 1071, 1074 n.3 (8th Cir. 1996) (per curiam). Second, a § 2254 habeas corpus petitioner cannot appeal an adverse ruling

on his petition unless he is granted a certificate of appealability ("COA").  *See* 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1).  A COA cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  In this case, it is highly unlikely that any other court, including the Eighth Circuit Court of Appeals, would treat Thomas's current habeas corpus petition differently than it is being treated here.  Thomas has not identified, and this Court cannot discern, anything novel, noteworthy, or worrisome about this case that warrants appellate review.  It is therefore recommended that Thomas not be granted a COA in this matter.

Accordingly, based on all the files, records, and proceedings herein **IT IS HEREBY RECOMMENDED** that:

1. Petitioner Ronald Alfred Thomas's petition for a writ of habeas corpus [Doc. No. 1] be **DENIED**.

2. Thomas's application to proceed *in forma pauperis* [Doc. No. 2] be **DENIED**.

3. This action be **DISMISSED**.

    4.        No certificate of appealability be issued.

Dated: March 11, 2015              s/ *Hildy Bowbeer*
                                       HILDY BOWBEER
                                         United States Magistrate Judge

## **NOTICE**

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **March 30, 2015**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within fourteen days after service thereof. All briefs filed under this rule shall be limited to 3500 words. A district judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Eighth Circuit Court of Appeals.